# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

January 27, 2020

**Via ECF**

The Honorable Gregory H. Woods
United States District Judge
 for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**Re:**   ***Dominguez v. Banana Republic, LLC*, No. 1:19-cv-10171-GHW**

Dear Judge Woods:

We represent Defendant Banana Republic, LLC in the above-referenced action.  Pursuant to Rule 2(C) of the Court's Individual Practices in Civil Cases, this letter sets forth the bases of Defendant's anticipated motion to dismiss Plaintiff's Complaint.  For the reasons summarized below, Defendant intends to seek dismissal under Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim, and 12(b)(1), for lack of standing.  Further, because its motion is dispositive of all of Plaintiff's claims, Defendant intends to seek a stay of discovery during the pendency of its motion.

## Summary of Plaintiff's Claims & Allegations

Plaintiff contends that Title III of the Americans with Disabilities Act ("ADA"), as well as the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), require Defendant to "design, implement, distribute and sell" store gift cards embossed with Braille lettering setting forth the store name, the value of the card, and the "terms of use, privacy policies, ability to ascertain gift card balance, [and] restrictions."  In support of this argument, Plaintiff offers several theories of liability, including that the 3 x 5 inch plastic cards are each a "place of public accommodation"; that the ADA requires retailers such as Defendant to offer a specialized inventory of goods for individuals who, like Plaintiff, are blind and read Braille; and that the only means of "effective communication" of the information contained on the card is through Braille lettering, and not the assistance of a store employee (which Plaintiff concedes is already available to him).  Plaintiff further alleges that he has standing to pursue these claims based on a single phone call that he placed to Defendant during which he purportedly asked if Defendant sold Braille gift cards and, after purportedly being told that Defendant does not, Plaintiff filed his Complaint several days later, never having actually visited any of Defendant's physical store locations.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060                              ☎ +1.212.309.6000
United States                                                      🖷 +1.212.309.6001

Hon. Gregory H. Woods
January 27, 2020
Page 2

## Plaintiff Fails to State a Claim Under the ADA

Dismissal of the ADA claim under Rule 12(b)(6) is warranted for several reasons.

*First*, Title III prohibits disability-based discrimination in the provision of goods and services of "places of public accommodation."  42 U.S.C. § 12182(a).  Plaintiff's theory that Defendant's gift cards are themselves "places of public accommodation" is without merit.  Title III exhaustively lists 12 categories of "places of public accommodation." *See* 42 U.S.C. § 12181(7).[1]  By the statute's plain terms, each category refers to *places* that offer goods and services to the public, not to the goods or services themselves.  The gift cards Defendant sells are goods, just like the thousands of other goods sold in Defendant's stores.  The gift cards are not "places of public accommodation."

*Second*, by seeking gift cards with Braille writing, Plaintiff seeks to compel Defendant to offer specialized goods.  It is well-settled, however, that Title III does not require any covered entity to provide specialized, accessible goods for individuals with disabilities.  Applicable regulations could scarcely be more explicit: Title III "**does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities**."  28 C.F.R. § 36.307(a) (emphasis added).  As a matter of law, then, the ADA does not require Defendant to offer Braille gift cards.

*Finally*, Braille gift cards are not a necessary auxiliary aid or service as a matter of law.  Auxiliary aids or services are "necessary" when they are necessary to ensure effective communication.  "The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place."  28 C.F.R. § 36.303(c)(1)(ii).  It is well-settled that, where there is more than one means of providing effective communication, the ADA imposes no liability merely because a covered entity does not offer or refuses to offer the specific auxiliary aid the plaintiff demands.  *See, e.g.*, *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008).  Plaintiff does not—and cannot—allege that adding Braille to gift cards is the only way to ensure effective communication.  Plaintiff does not allege that another method or means would be insufficient to effectively communicate the same information.  And Plaintiff does not allege that the method of communication actually provided—assistance from store employees—does not effectively communicate the same information Plaintiff would prefer to have in Braille writing on the gift cards themselves.  In fact, Plaintiff admits he was able to speak with an employee of Defendant *about gift cards*.  Thus, as a matter of law, Plaintiff fails to state an ADA claim for a failure to provide necessary auxiliary aids or services.

## Plaintiff Fails to State a Claim Under the NYSHRL or NYCHRL

A claim of disability discrimination under the NYSHRL is governed by the same standards that govern federal ADA claims.  *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).  Similarly, aside from a broader definition of "disability," the NYCHRL is analyzed under the same standards as the ADA and NYSHRL.  *See Dicarlo v. Walgreens Boot All.*, No. 15-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016).  In this case, Plaintiff bases his NYSHRL and NYCHRL claims on the same deficient allegations that underlie his ADA claim.  Because the ADA claim fails, the NYSHRL and NYCHRL claims necessarily fail as well.

---

[1]  Available at http://www.ada.gov/taman3.html (Jan. 27, 2020).

Hon. Gregory H. Woods
January 27, 2020
Page 3

**<u>Plaintiff Does Not Have Standing to Assert His Claims</u>**

Plaintiff's Complaint also fails for lack of standing.  Article III standing requires an "injury in fact" that is concrete and particularized and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  Where injunctive relief is also sought, Plaintiff also must plead that the injury in fact presents a "'real and immediate threat of future injury' often paraphrased as a 'likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (internal citation omitted).  Plaintiff fails to plausibly allege that he intends to visit Defendant's store if store gift cards with Braille are offered, and his conclusory allegation that he intends to visit the store in the future is legally insufficient to infer an intent to return for purposes of establishing standing.  *See Castillo v. John Gore Org., Inc.*, No. 19-CV-388(ARR)(PK), 2019 WL 6033088, at *4 (E.D.N.Y. Nov. 14, 2019).

*        *        *

Upon submission of Plaintiff's opposition letter, Defendant respectfully requests that the Court set a briefing schedule for Defendant's motion.  Defendant further requests that the Court stay all discovery during the pendency of Defendant's motion.

Thank you for your time and attention to this matter.

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

*Attorney for Defendant*

cc: All Counsel of Record