## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOVANNY DOMINGUEZ AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>     Plaintiff,<br><br>  v.<br><br>BANANA REPUBLIC, LLC,<br><br>     Defendant. | Case No. 19-CV-10171-GHW<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**Morgan, Lewis & Bockius LLP**

Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

* Admitted *Pro Hac Vice*

*Counsel for Defendant*

Dated: March 6, 2020

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

BACKGROUND ................................................................................................... 4

ARGUMENT ........................................................................................................ 6

I.     THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO
       STATE A CLAIM. ....................................................................................... 6

       A.     A Gift Card Is Not A "Place of Public Accommodation." ................... 7

       B.     The ADA Does Not Require Covered Entities To Offer Braille Gift Cards. ...... 10

       C.     Not Offering Braille Gift Cards Is Not A Failure To Offer Necessary
              Auxiliary Aids Or Services Under The ADA. ..................................... 12

       D.     Gift Cards Are Goods, Not Currency. ............................................... 16

II.    PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD ALSO BE
       DISMISSED. ............................................................................................. 17

III.   THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT
       HAVE STANDING TO ASSERT HIS CLAIMS. ........................................ 18

CONCLUSION..................................................................................................... 21

APPENDIX A – PACER Records for Plaintiff (as of March 6, 2020)

APPENDIX B – PACER Records for Plaintiff's Counsel (as of March 3, 2020)

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.H. Phillips, Inc. v. Walling*,
   324 U.S. 490 (1945)...................................................................................................8

*Am. Council of the Blind v. Paulson*,
   463 F. Supp. 2d 51 (D.D.C. 2006) .........................................................................16

*Beecham v. United States*,
   511 U.S. 368 (1994)...................................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................6

*Bernstein v. City of New York*,
   621 F. App'x 56 (2d Cir. 2015) ..............................................................................18

*Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*,
   980 F. Supp. 2d 588 (S.D.N.Y. 2013)....................................................................18

*Cal. Indep. Sys. Operator Corp. v. FERC*,
   372 F.3d 395 (D.C. Cir. 2004) .................................................................................8

*Camarillo v. Carrols Corp.*,
   518 F.3d 153 (2d Cir. 2008)..............................................................................6, 14

*Castelan v. Universal Studios Inc.*,
   No. 12-5481, 2014 WL 210754 (C.D. Cal. Jan. 10, 2014) .....................................11

*Castillo v. John Gore Org., Inc.*,
   No. 19- 0038, 2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019) ..........................19, 20

*Chamaidan v. Tomy B. Haircare Inc.*,
   No. 17- 6948, 2019 WL 4917895 (E.D.N.Y. Sept. 30, 2019) .................................20

*Cortec Indus. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991).......................................................................................6

*Dicarlo v. Walgreens Boot All., Inc.*,
   No. 15-2919, 2016 WL 482982 (S.D.N.Y. Feb. 5, 2016)................................14, 17

*Doe v. Mut. of Omaha Ins. Co.*,
   179 F.3d 557 (7th Cir. 1999) ..................................................................................10

*Donahue v. Asia TV U.S.A., Ltd.*,
   208 F. Supp. 3d 505 (S.D.N.Y. 2016).................................................................6

*Durand v. Fairview Health Servs.*,
   902 F.3d 836 (8th Cir. 2018) ...........................................................................14

*Feltenstein v. City of New Rochelle*,
   No. 14-5434, 2019 WL 3543246 (S.D.N.Y. Aug. 5, 2019)...............................17

*Feltzin v. Clocktower Plaza Properties, Ltd.*,
   No. 16-4329, 2018 WL 1221153 (E.D.N.Y. Mar. 8, 2018).......................19, 20, 21

*Feltzin v. Stone Equities, LLC*,
   No. 16- 6457, 2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018), *report &*
   *recommendation adopted*, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018).............20

*Feltzin v. Triangle Props. #1, LLC*,
   No. 14-5131, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016)............................19

*Ford v. Schering-Plough Corp.*,
   145 F.3d 601 (3d Cir. 1998).............................................................................11

*Fry v. Napoleon Cmty. Schs.*,
   137 S. Ct. 743 (2017).......................................................................................16

*Funches v. Barra*,
   No. 14-7382, 2016 WL 2939165 (S.D.N.Y. May 17, 2016) .............................11

*Arizona ex rel. Goddard v. Harkins Amusement Enters.*,
   603 F.3d 666 (9th Cir. 2010) ...........................................................................11

*Graves v. Finch Pruyn & Co.*,
   457 F.3d 181 (2d Cir. 2006).............................................................................17

*Hall St. Assocs. v. Mattel, Inc.*,
   552 U.S. 576 (2008)...........................................................................................8

*Harty v. Greenwich Hosp. Grp.*,
   536 F. App'x 154 (2d Cir. 2013) ..................................................................19, 20

*Hirsch v. Campaniello Soho, Inc.*,
   No. 14-5097, 2015 WL 678662 (S.D.N.Y. Feb. 17, 2015)..............................21

*Jancik v. Redbox Automated Retail, LLC*,
   No. 13-1387, 2014 WL 1920751 (C.D. Cal. May 14, 2014) ............................11

*Juech v. Children's Hosp. & Health Sys., Inc.*,
   353 F. Supp. 3d 772, 777 (E.D. Wis. 2018)....................................................14

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013)................................................................................................18

*Krist v. Kolombos Rest. Inc.*,
    688 F.3d 89 (2d Cir. 2012)..................................................................................................17

*Lenox v. Healthwise of Ky., Ltd.*,
    149 F.3d 453 (6th Cir. 1998) ..............................................................................................11

*Lowell v. Lyft, Inc.*,
    352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018)........................................................................18

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)........................................................................................................6, 18

*Magee v. Coca-Cola Refreshments USA, Inc.*,
    833 F.3d 530 (5th Cir. 2016) ................................................................................................9

*Mary Jo C. v. N.Y. State & Local Ret. Sys.*,
    707 F.3d 144 (2d Cir. 2013)................................................................................................16

*McCullum v. Orlando Reg'l Healthcare Sys., Inc.*,
    768 F.3d 1135 (11th Cir. 2014) ..........................................................................................13

*McNeil v. Time Ins. Co.*,
    205 F.3d 179 (5th Cir. 2000) ..............................................................................................11

*Norkunas v. Wynn Resorts Holdings, LLC*,
    No. 11-1499, 2007 WL 2949569 (D. Nev. Oct. 10, 2007) ..................................................21

*Phillips v. P.F. Chang's China Bistro, Inc.*,
    No. 15-0344, 2015 WL 4694049 (N.D. Cal. Aug. 6, 2015) ................................................11

*Range v. 535 Broadway Grp. LLC*,
    No. 17-0423, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ................................................17

*Rizzi v. Hilton Domestic Operating Co.*,
    No. 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019), *report &*
    *recommendation adopted*, 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019)............................20

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)..................................................................................................6

*Stern v. Sony Corp.*,
    No. 09-7710, 2010 WL 8022226 (C.D. Cal. Feb. 8, 2010) ................................................11

*West v. Moe's Franchisor, LLC*,
    No. 15-2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015) ................................................14

*Weyer v. Twentieth Century Fox Film Corp.*,
  198 F.3d 1104 (9th Cir. 2000) ........................................................................10, 11

**Statutes**

29 U.S.C. § 794(a) ................................................................................................16

31 U.S.C. § 5114 ..................................................................................................16

42 U.S.C. § 12181(7) ........................................................................................7, 8, 9

42 U.S.C. § 12181(7)(A)–(L) ...................................................................................8

42 U.S.C. § 12181(7)(E) .........................................................................................7

42 U.S.C. § 12182(a) ......................................................................................6, 7, 10

42 U.S.C. § 12182(b)(1)(A)(iii) ..............................................................................12

42 U.S.C. § 12182(b)(2)(A)(ii)–(iii) .......................................................................12

Americans with Disabiltiies Act .................................................................... *passim*

N.Y. Gen. Bus. Law § 396-i .............................................................................12, 17

New York City Human Rights Law....................................................................1, 17, 18

New York State Human Rights Law .................................................................1, 17, 18

Rehabilitation Act .................................................................................................16

**Rules**

28 C.F.R. § 36.303(c)(1)........................................................................................12

28 C.F.R. § 36.303(c)(1)(ii) ...................................................................................13

28 C.F.R. § 36.307(a)..........................................................................................2, 10

28 C.F.R. pt. 36, App'x C ...........................................................................10, 12, 13

Fed. R. Civ. P. 12(b)(1)............................................................................................6

Fed. R. Civ. P. 12(b)(6)............................................................................................6

Fed. R. Civ. P. 56....................................................................................................6

**Other Authorities**

Blake Farmer, *As Braille Literacy Declines, Reading Competitions Held To Boost Interest*, NPR (Mar. 13, 2017), http://www.npr.org/2017/03/13/519983877/as-braille-literacy-declines-reading-competitions-held-to-boost-interest ......................................4

Braille Literacy Crisis in America, NFB (Mar. 26, 2009), http://www.nfb.org/images/nfb/documents/pdf/braille_literacy _report_web.pdf;..................................................................................................................4

*Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low Vision* http://www.ada.gov/reachingout/lodblind(lesson2).html ..............................................4

## INTRODUCTION

In the Amended Complaint, Plaintiff erroneously claims that Title III of the Americans with Disabilities Act ("ADA" or "Title III"), and by extension, the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), require retailers such as Defendant to alter their store inventories to include Braille gift cards that are accessible to individuals who, like Plaintiff, are blind and read Braille and presumably others who buy or receive the cards as gifts.[1]

While Plaintiff asserts several theories of liability in the Amended Complaint, resolution of this case turns on a central issue: whether a 3 x 2 inch gift card is a "place of public accommodation" (*see, e.g.*, Am. Compl. ¶¶ 38–44, 63(a)) and thus subject to laws pertaining to everything from bathrooms, parking, signage, and aisles, thereby requiring the gift card to provide necessary "auxiliary aids," *or* whether a gift card is a product or good in inventory, which applicable regulations, Department of Justice ("DOJ") guidance, and overwhelming judicial authority hold is not required to be accessible.  For the reasons discussed further in this brief, if the Court finds that a gift card is not a "place of public accommodation" which Defendant submits is the only reasonable conclusion, Defendant has no obligation to provide "auxiliary aids" to the

---

[1]      In the original complaint, Plaintiff explicitly demanded that Defendant "design, implement, distribute[,] and sell" gift cards "embossed with Braille" (ECF No. 1 ¶ 36). In the Amended Complaint, however, Plaintiff attempts to describe the demand as one for merely "accessible" gift cards "that *may include* Braille writing[.]" Am. Compl. ¶ 55 (emphasis added). Nevertheless, the Amended Complaint is replete with language showing that Plaintiff's demand remains unchanged—the design, implementation, distribution, and sale of *gift cards embossed with Braille*. *See, e.g.*, *id.* ¶ 16 ("Defendant does not sell store gift cards containing Braille, which is a barrier encountered by Plaintiff."); *id.* ¶ 37 ("The addition of Braille would restore . . . dignity to blind persons").

gift card and Plaintiff's claims fail as a matter of law.  Alternatively, if the Court finds that gift cards are goods, this case must be dismissed with prejudice.[2]

As a matter of well-settled law, the ADA "**does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities**."  28 C.F.R. § 36.307(a) (emphasis added).  The classic illustration of this rule, articulated by the DOJ and adopted by every court of appeals to have considered the issue, involves a bookstore: a bookstore must ensure that individuals with disabilities can access the store and the goods it sells, but the bookstore has no obligation to offer any books in Braille.  The analysis is no different if the product is a tablet, a ticket, a toaster, or a plastic gift card sold in the checkout aisle.  Put simply, the ADA does not impose an obligation on Defendant to manufacture, procure, and/or stock specialized goods for individuals with disabilities.  For this reason alone, this case should be dismissed with prejudice.

Because there is no obligation to provide Braille on products or goods sold, or to provide any specialty product, Plaintiff advances the nonsensical argument that the gift cards themselves are a "place of public accommodation," subject to the same Title III obligations as brick-and-mortar stores, including complying with all of the construction standards and effectively communicating with patrons.  This argument is facially absurd.  The phrase "place of public

---

[2]     Although this single, case dispositive question of law could have been determined in a simple two-party case, Plaintiff and a handful of other individuals represented by the same counsel or affiliates, has filed more than 200 other cases in the Eastern and Southern Districts of New York against other retailers, restaurants, and theaters, asserting the same claims and seeking the same injunctive relief, statutory penalties, and attorneys' fees from each defendant.  The vast majority of these cases were filed to coincide with the busiest time of year for U.S. retailers, when virtually all of the defendants logically would already be heavily stocked with inventory to sell throughout the season.  Several of these actions had response dates on "Black Friday."  A list of the cases filed by Plaintiff, based on information available on PACER, is attached as Appendix A, and a list of those filed by Plaintiff's counsel since October 24, 2019 is attached as Appendix B.

accommodation" is not an all-encompassing term.  Congress identified only twelve categories of private entities that qualify, including service establishments, transportation stations, and places of public gathering.  A 3 x 2 inch plastic card does not fit any of those categories, and to conclude otherwise would extend the ADA's reach further than Congress ever intended.  Nevertheless, Plaintiff must make this ridiculous claim in order to have any foundation for his next far-fetched argument, *i.e.*, that because the gift card is a "place of public accommodation," Defendant must provide auxiliary aids that allow for effective communication between the card and the card's customer.

Plaintiff's final theory—that by not offering Braille gift cards, Defendant somehow refused Plaintiff a necessary auxiliary aid or service—is similarly without merit.  Even if a gift card could be a "place of public accommodation," it is well-settled that the businesses that operate such places have broad discretion to choose the type of auxiliary aid or service to offer, so long as the choice ensures effective communication with individuals with disabilities.  Covered entities need not provide an individual's preferred or demanded auxiliary aid or service when another alternative will do.  Plaintiff does not allege any facts to plausibly suggest that he can only effectively communicate with Defendant via Braille gift cards.  In fact, Plaintiff alleges that he was able to call Defendant and obtain information about the store's gift cards over the phone—conceding that Defendant has satisfied any obligation to ensure effective communication with Plaintiff.

Plaintiff's claims also fail for the separate reason that Plaintiff lacks standing.  To have standing to sue for injunctive relief under the ADA, a plaintiff must plausibly allege an injury-in-fact *and* an imminent future injury.  In this context, that requires Plaintiff to plausibly allege that he imminently intends to return to Defendant's store *and* that he will be denied benefits there.  Plaintiff does not plausibly allege that he intends to return to Defendant's store.  Instead, Plaintiff

alleges—in conclusory fashion—that he will return to Defendant's store when Braille-embossed gift cards are available.  The single interaction alleged in the Amended Complaint—a telephone call during which Plaintiff inquired about and received information regarding Defendant's gift card inventory—is insufficient to demonstrate standing even at the pleading stage.

For these reasons and others, explained below, the Court should dismiss Plaintiff's Amended Complaint in its entirety. Putting aside the tremendous cost implications, any other result in this case would fundamentally change settled ADA law as it has been shaped by the courts, interpreted by the DOJ, and put into practice by retailers for decades.

## <u>BACKGROUND</u>

Plaintiff is a serial ADA litigant, having filed 58 of cases in the Southern District of New York in just the past 3 years.  While Plaintiff's prior litigation generally concerned claims of website accessibility, since October 24, 2019, Plaintiff has filed 24 lawsuits alleging that Title III of the ADA and related state laws requires retailers to sell gift cards embossed with Braille,[3] including this case.  *See* App'x A.  Plaintiff's counsel and its affiliates have filed over 100 similar cases with other plaintiffs.  *See* App'x B.

---

[3]     Braille is a tactile writing system used by a very small population of people who have visual impairments.  In 2009, according to the National Foundation for the Blind, "fewer than 10 percent of the 1.3 million people who are legally blind in the United States are Braille readers" and "a mere 10 percent of blind children are learning it."  The Braille Literacy Crisis in America, NFB (Mar. 26, 2009), http://www.nfb.org/images/nfb/documents/pdf/braille_literacy _report_web.pdf; *see* Blake Farmer, *As Braille Literacy Declines, Reading Competitions Held To Boost Interest*, NPR (Mar. 13, 2017), http://www.npr.org/2017/03/13/519983877/as-braille-literacy-declines-reading-competitions-held-to-boost-interest (reporting on the same 10 percent literacy in school aged children).  The DOJ estimates that the percentage of the blind and visually impaired population that can read Braille is closer to 5 percent.  *See Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low Vision* http://www.ada.gov/reachingout/lodblind(lesson2).html.

In the Amended Complaint, Plaintiff alleges that on October 26, 2019, he called Defendant to inquire whether "Defendant sold store gift cards containing Braille," and was told that Defendant does not.  Am. Compl. ¶ 16.  Plaintiff does not allege any other details about the conversation, whom he spoke with, or his or her position within the company.  *Id*.  Plaintiff does not allege that he visited any of Defendant's stores to purchase a gift card; nor does he allege that he requested any assistance in purchasing a gift card.  Instead, based solely on a single phone call, Plaintiff claims he is entitled to an order requiring Defendant to "design, implement, distribute and sell" Braille gift cards, "compensatory damages," and attorneys' fees.  *Id*. ¶¶ 55, 88–89.

It is not entirely clear what information on the gift card Plaintiff contends the ADA requires be in Braille. Throughout the Amended Complaint, Plaintiff variously alleges that any or all the following must be in Braille, apparently without consideration of the physical limitations of a 3 x 2 inch plastic card):

- the name of the merchant, *id*. ¶ 55;

- the denomination of the gift card, *id.*;

- the expiration date, *id*. ¶¶ 35–36, 55;

- the unique card number or PIN, *id*. ¶¶ 6, 7, 46;

- the applicable fees, *id*. ¶¶ 35–36;

- the terms and conditions of use, *id*. ¶¶ 6, 7, 20, 35–36, 41, 46, 55;

- a toll-free telephone number, *id*. ¶¶ 35–36, 55;

- other material information about the card, *id*. ¶ 44;

- a unique identifier that distinguishes the card from other cards, *id*. ¶¶ 7, 20, 46;

- and somehow, the remaining balance, *id*. ¶¶ 20, 46, 55.

- 

5

## ARGUMENT

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Accepting all factual allegations as true and discarding any implausible or conclusory assertions, the complaint must "raise a right to relief above the speculative level." *Id.* at 555.  A Rule 12(b)(6) motion must be granted unless the plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Donahue v. Asia TV U.S.A., Ltd.*, 208 F. Supp. 3d 505, 512 (S.D.N.Y. 2016) (quotation and citation omitted).[4]  And a Rule 12(b)(1) motion based on a lack of standing must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy Article III's standing requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

## I.     THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).  Plaintiff appears to assert that Defendant's alleged failure to offer Braille gift cards constitutes disability-based discrimination in four ways.  First, Plaintiff appears to argue that the gift cards themselves are "places of public accommodation" that must be equally accessible to individuals who read in Braille. *See, e.g.*, Am. Compl. ¶¶ 38–44, 63(a). Second, Plaintiff seems

---

[4]     For purposes of evaluating a motion to dismiss under Rule 12(b)(6), the Court may consider the store gift cards offered by Defendant because they are incorporated by reference into the Amended Complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."); *see also Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."). Indeed, Plaintiff purports to have attached a copy of Defendant's store gift card to the Amended Complaint as Exhibit A.

to allege that, even if Braille gift cards are not themselves "places of public accommodation," they are a good *of* such a place (*i.e.*, a retail store) and, therefore, must be equally accessible to individuals who read in Braille. *Id.* ¶¶ 46–49, 55–59, 60–62. Third, Plaintiff alleges that a failure to offer Braille gift cards is a failure to offer a necessary auxiliary aid or service. *Id.* ¶¶ 50–54. And fourth, Plaintiff alleges that U.S. Currency must be accessible and, therefore, so must gift cards. *Id.* ¶ 34. As a matter of settled law, each of Plaintiff's theories fails to state a claim.

### A.    A Gift Card Is Not A "Place of Public Accommodation."

Title III prohibits disability-based discrimination "by any person who owns, leases (or leases to), or operates a *place of public accommodation*" in connection with the goods and services "*of* [that] *place of public accommodation*." 42 U.S.C. § 12182(a) (emphases added). The statute, therefore, distinguishes between the "place of public accommodation" and the "goods" it offers to the general public. If anything, a gift card is a "good" that may be offered by a "place of public accommodation," but, as a matter of law, a gift card cannot be the "place of public accommodation" itself.

Congress specifically defined "public accommodation" for purposes of Title III by exhaustively listing twelve categories of places that qualify. 42 U.S.C. § 12181(7); *see* DOJ ADA Title III Technical Assistance Manual ("[T]he 12 categories are an exhaustive list.").[5] Each category has its own subparagraph, and each is formulated the same way: a general residual clause concludes a disjunctive list of specific examples. *See id.* Take, for example, the fifth category, which includes "a bakery, grocery store, clothing store, hardware store, shopping center [specific examples], or other sales or rental establishment [general residual clause]." 42 U.S.C. § 12181(7)(E). The other categories, denoted by their general residual clauses, include "place[s]

---

[5]    http://www.ada.gov/taman3.html.

of lodging," "establishment[s] serving food or drink," "place[s] of exhibition or entertainment," "place[s] of public gathering," "service establishment[s]," "station[s] used for specified public transportation," "place[s] of public display or collection," "place[s] of recreation," "place[s] of education," "social service center establishment[s]," and "place[s] of exercise or recreation." 42 U.S.C. § 12181(7)(A)–(L).  By the statute's plain terms, each category refers to *places* that offer goods and services, not to the goods or services themselves.   Indeed, the word "establishment" connotes a substantial, standalone place of business.  *See A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 496 (1945) (interpreting "establishment" as "a distinct physical place of business").

Two interpretive canons confirm that gift cards do not fit any of the twelve categories of "public accommodation" under Title III.  The first is *ejusdem generis*, which instructs that statutory catchall clauses be interpreted in context: "when a statute sets out a series of specific items ending with a general term, that general term is confined to covered subjects comparable to the specifics it follows."  *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008). The second is *noscitur a sociis*, which teaches that items within a statutory list should be interpreted alike, whether or not there is a catchall clause.  *See Beecham v. United States*, 511 U.S. 368, 371 (1994).  So when a word in a statutory list is susceptible to multiple meanings, it takes the meaning most similar to that of the neighboring words "in order to avoid giving unintended breadth to the Acts of Congress."  *Cal. Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 400 (D.C. Cir. 2004).

Both canons apply to each subparagraph in Section 12181(7)'s definition of "public accommodation," and the *noscitur* canon applies to Section 12181(7) as a whole (twelve subparagraphs make one statutory list).  Applying those canons shows that *no* goods, much less gift cards the size of a standard credit card (3 x 2 inches), qualify as "public accommodations."

8

The twelve categories and every listed example share common attributes: they all sell goods and services to the public; they all have discrete standalone locations or identities; and they all are typically operated by a proprietor or employees.  *See* 42 U.S.C. § 12181(7).  Gift cards, like other goods, share none of those attributes.  Thus, by *ejusdem generis* and *noscitur a sociis*, gift cards are not "public accommodations" under Title III of the ADA.

The Fifth Circuit's decision in *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530 (5th Cir. 2016), is instructive.  In that case, the plaintiff sued Coca-Cola because glass-front Coca-Cola vending machines, which the plaintiff encountered in a bus station and hospital, allegedly were not accessible to individuals who are blind.  *Id.* at 531, 536.  The court rejected the plaintiff's argument that vending machines are "places of public accommodation" precisely because "a vending machine is not akin to any of the listed examples" in Section 12181(7).  *Id.* at 534. "[R]ather than falling within any of those broad categories of entities, vending machines are essentially always found *inside those entities along with the other goods and services that they provide*."  *Id.* (emphasis added).  While the hospital and bus station where the plaintiff encountered the vending machines "are indisputably places of public accommodation," vending machines simply "are not places of public accommodation" themselves because they do not fit any category in Congress's "exhaustive list" of covered places.  *Id.* at 536.  So, too, for gift cards.

Indeed, the very language Plaintiff uses to describe the gift cards confirms their status as goods.  *See, e.g.*, Am. Compl. ¶¶ 15–16 (alleging Plaintiff called Defendant to ask if it "sold" gift cards with Braille writing and was told Defendant does not "sell" them); *id.* ¶ 55 (seeking a permanent injunction that Defendant "design, implement, distribute and *sell* store gift cards") (emphasis added).  Defendant does not *sell* "places of public accommodation."  If gift cards are "places of public accommodation" with effective communication obligations, the cards would bear

those same obligations even when they are displayed and sold with 100 other cards in a grocery store, convenience store, or big box retailer.  Plaintiff could make the same allegations about a box of cereal, and the Court would have to consider whether the box failed to communicate effectively with individuals with vision impairments.  Each card and cereal box would have to ensure effective communication for every grocery store customer who has a vision impairment.  The only logical conclusion is that the gift cards, like cereal, are goods, and as explained further below, Defendant has no obligation to stock specialized goods.

**B.      The ADA Does Not Require Covered Entities To Offer Braille Gift Cards.**

It is well-settled that Title III of the ADA regulates *access to* the goods a place of public accommodation offers to the general public but not the *content or mix of* goods that covered entities sell.  The applicable regulations are unequivocal: Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."  28 C.F.R. § 36.307(a).  As the DOJ has succinctly put it: "[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided."  28 C.F.R. pt. 36, App'x C.

Courts that have considered the question have uniformly concluded that the DOJ's regulations and guidance comport with the plain language of Title III, which prohibits discrimination in the enjoyment of "the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  "The ordinary meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods [or] services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000); *see Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) ("The common sense of the statute is that the

content of the goods or services offered by a place of public accommodation is not regulated. . . . Had Congress purposed to impose so enormous a burden on the retail sector of the economy and so vast a supervisory responsibility on the federal courts, we think it would have made its intention clearer and would at least have imposed some standards.").[6]

In short, Title III "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Weyer*, 198 F.3d at 1115.  That means, for example, that "a camera store may not refuse to sell cameras to a disabled person, but it is not required to stock cameras specially designed for such persons," and that "a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print." *Funches v. Barra*, No. 14-7382, 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016).

As discussed, gift cards are not "places of public accommodation."  Thus, at most, they are "goods" that a place of public accommodation offers to the general public.  Defendant offers gift cards, but not gift cards with Braille writing, to the general public.[7]  Am. Compl. ¶ 4.  As a matter

---

[6]     *Accord Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 671 (9th Cir. 2010); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998); *Lenox v. Healthwise of Ky., Ltd.*, 149 F.3d 453, 457 (6th Cir. 1998); *Jancik v. Redbox Automated Retail, LLC*, No. 13-1387, 2014 WL 1920751, at *4 (C.D. Cal. May 14, 2014); *Castelan v. Universal Studios Inc.*, No. 12-5481, 2014 WL 210754, at *6–7 (C.D. Cal. Jan. 10, 2014); *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-0344, 2015 WL 4694049, at *5–6 (N.D. Cal. Aug. 6, 2015); *Stern v. Sony Corp.*, No. 09-7710, 2010 WL 8022226, at *3–4 (C.D. Cal. Feb. 8, 2010).

[7]     According to Plaintiff, only one major retailer, Starbucks, sells gift cards with Braille.  *See* Am. Compl. ¶ 35, n.8.  Plaintiff and Plaintiff's counsel have sued effectively every other major retailor in the country for not doing the same—suggesting that Starbucks is the only major retailer complying with the ADA.

of law, then, just as the ADA does not require a bookstore to sell Braille books, the ADA does not require Defendant to sell Braille gift cards.[8]

Moreover, as Plaintiff acknowledges in the Amended Complaint, Defendant is not required to fundamentally alter its goods or services. *See, e.g.*, 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii); Am. Compl. ¶¶ 53, 73. But that is precisely what Plaintiff demands—a **fundamental alteration** to gift cards as they exist, or rather, the "design, implement[ation], distribut[ion], and s[ale]" of an entirely new product. *Id.* ¶ 55. Nothing in the ADA requires such a **fundamental alteration**.[9]

### C. Not Offering Braille Gift Cards Is Not A Failure To Offer Necessary Auxiliary Aids Or Services Under The ADA.

Title III requires covered entities to provide "auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1); *see* 42 U.S.C. § 12182(b)(1)(A)(iii). There is no one-size-fits-all auxiliary aid or service. Rather, "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and

---

[8]   Congress and the DOJ are familiar with Braille and know how to require Braille when they wish to do so—something they did not do with goods (*i.e.*, gift cards) under the ADA. *See, e.g.*, 28 C.F.R. pt. 36, App'x B (noting that Section 707 of the 2010 Standards explicitly requires Braille instructions on ATMs and fare machines). Clearly, in drafting the ADA and the relevant subsequent regulations, Congress and the DOJ could have——but have not—required covered entities to emboss gift cards with Braille.

[9]   Moreover, many states heavily regulate gift cards and mandate that the cards themselves contain certain information. For example, as Plaintiff alleges, the State of New York requires gift cards to conspicuously state terms and conditions. Am. Compl. ¶ 35; *see* N.Y. Gen. Bus. Law § 396-i. If the ADA requires Braille gift cards, and the State of New York—or any state—requires potentially voluminous information on gift cards, it would become untenable for retailers to provide gift cards because all the required information would become impossible to fit in Braille on a 3 x 2 inch piece of plastic. Moreover, to the extent Plaintiff attempts to use the federal and state laws requiring the clear and conspicuous posting of terms and conditions in furtherance of his demand for Braille-embossed gift cards, Plaintiff's argument fails because this suit was brought under the ADA, not any state statute that requires terms and conditions to be conspicuously posted.

complexity of the communication involved; and the context in which the communication is taking place."  28 C.F.R. § 36.303(c)(1)(ii).

Nor must a covered entity provide the specific auxiliary aid demanded by a particular individual.   "[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication."  *Id.*  Which is to say, the auxiliary aid requirement is "flexible," and covered entities may "choose among various alternatives as long as the result is effective communication."  28 C.F.R. pt. 36, App'x C.  By way of example, the regulations specifically state that "a clothing boutique would not be required to have Brailled price tags if sales personnel provide price information orally upon request,"[10] and "a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu."  *Id.*  Other DOJ guidance also makes clear that Braille is not the exclusive means of effective communication with individuals who are blind or have vision impairments.  *See, e.g.*, DOJ, *Guide For Places Of Lodging: Serving Guests Who Are Blind Or Who Have Low Vision*,[11] (providing, as an example of effective communication with individuals who have vision impairments, offering assistance with locating items, reading price tags, and verbally identifying individual bills when handing the currency to a disabled person).

Indeed, to construe the ADA to require covered entities to provide any auxiliary aid preferred or requested by an individual "would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid" in the statute and implementing regulations.  *McCullum v. Orlando Reg'l*

---

[10]     The price tag is precisely one of the pieces of information Plaintiff demands be embossed in Braille (the gift card's denomination).

[11]     http://www.ada.gov/reachingout/lodblind(lesson2).html.

*Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (citation omitted).  It is therefore well-settled that the ADA imposes no liability merely because a covered entity does not offer or refuses to offer the specific auxiliary aid the plaintiff demands.  *See Camarillo*, 518 F.3d at 157; *Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018); *West v. Moe's Franchisor, LLC*, No. 15-2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015); *Dicarlo v. Walgreens Boot All., Inc.*, No. 15-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016); *Juech v. Children's Hosp. & Health Sys., Inc.*, 353 F. Supp. 3d 772, 777 (E.D. Wis. 2018).

Two decisions from the Southern District of New York, *Moe's Franchisor* and *Walgreens Boot*, are illustrative.  In both cases, the plaintiffs claimed that the defendants had violated the ADA by failing to install adaptive accessibility technology—such as tactile buttons or screen-reading software—on self-service (or "Freestyle") soda machines.  *See Moe's Franchisor*, 2015 WL 8484567, at *1; *Walgreens Boot*, 2016 WL 482982, at *1-2.  In rejecting that claim in *Moe's Franchisor*, Judge Pauley explained as follows:

> Nothing in the ADA or its implementing regulations supports Plaintiffs' argument that Moe's must alter its Freestyle machines in a way that allows blind individuals to retrieve beverages without assistance.  Reasonable businesses, aided by counsel, could navigate through all of the ADA's relevant regulations and never reach the conclusion that Freestyle machines violate federal law.  And given the labyrinth of city, state, and federal regulations, it is not appropriate for this Court to announce new ones.  Plaintiffs may be correct that technological additions to the Freestyle machines are both feasible and preferable.  However, under the ADA, effective assistance from Moe's employees acting as "qualified readers" is sufficient.

*Moe's Franchisor*, *LLC*, 2015 WL 8484567, at *3.  In *Walgreens Boot*, Judge Oetken agreed that the ADA does not require the defendant to install technology that would permit the plaintiff to use the Freestyle machines independently, so long as the defendant effectively communicated with the plaintiff so that "he can enjoy the Freestyle machine."  *Walgreens Boot*, 2016 WL 482982, at *2.

Here, Plaintiff does not allege that Braille writing is necessary for Defendant to effectively communicate with Plaintiff about Defendant's gift cards.  Plaintiff does not allege that some other

14

method—such as assistance and explanation from store employees—would not effectively communicate the same information.  As a matter of common sense, and certainly from the face of the Amended Complaint, there is no reason to infer that assistance from store employees would not result in effective communication of the same information Plaintiff would prefer to have in Braille writing on the gift cards themselves. Store employees are there to assist customers. Gift cards are not tied to shoppers' bank or credit card accounts and reflect no sensitive information.[12]

Nor does Plaintiff allege that this or any other alternative method of effective communication (*i.e.*, alternative auxiliary aid) was denied to her.[13]  Plaintiff admits he was able to speak with an employee of Defendant *about gift cards*.  Am. Compl. ¶ 16. Plaintiff's allegation that the person he spoke with did not volunteer "any alternative auxiliary aids or services," *id.* ¶ 17, does not mean no alternative was available or would have been offered *had Plaintiff asked*. But Plaintiff does not allege that he asked for an alternative, or even that he needed or wanted a way to communicate about and/or use Defendant's gift cards that would permit effective communication and/or use by an individual who is blind. As Plaintiff alleges, he simply "telephoned Defendant's customer service office" to ask whether Defendant sold Braille gift cards. *Id.* ¶ 16. Once informed that Defendant did not sell Braille gift cards, Plaintiff presumably hung

---

[12]     Embossing PINs in Braille would immediately render gift cards obsolete.  Anyone proficient in Braille (which can be anyone with access to the Internet) could simply feel each card available for purchase, record the PIN, and use the gift cards without purchasing them.

[13]     Plaintiff's allegation that Defendant has not trained its employees on "proper methods of assisting blind and visually-impaired customers with regards to its gift cards and auxiliary aids," Am. Compl. ¶¶ 48, 84, 97, defies common sense. No special training is needed to assist a customer with using a gift card or understanding any information on the card. Not that Plaintiff has standing to challenge the minutia of Defendant's training curriculum: Plaintiff never visited Defendant's store or otherwise requested assistance.

up, and he certainly alleges nothing further about the communication. Plaintiff fails to state an ADA claim for a lack of necessary auxiliary aids or services.

>    **D.**    **Gift Cards Are Goods, Not Currency.**

In a last-ditch effort, Plaintiff alleges that a gift card is "a cash like product" and must "be accessible like the U.S. Currency." Am. Compl. ¶ 34. This theory crumbles under modest scrutiny. For one thing, the case Plaintiff cites for the proposition that U.S. currency must be accessible, *Am. Council of the Blind v. Paulson*, 463 F. Supp. 2d 51 (D.D.C. 2006), was not an ADA case. That case concerned Section 504 of the Rehabilitation Act, which governs programs or activities funded or subsidized by federal money, like the Department of Treasury's minting of currency. *See* 29 U.S.C. § 794(a). The Rehabilitation Act does not apply to private entities whose operations are not funded by the federal government, and it imposes broader obligations than those that apply to private entities subject to Title III of the ADA. The Rehabilitation Act imposes obligations that are similar to those imposed on state and local governments under *Title II* of the ADA. *See, e.g.*, *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 749–50 (2017). *Title II* imposes very different and often much broader obligations on state and local governments than *Title III* imposes on private business. *See, e.g.*, *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 169 (2d Cir. 2013). All of this is to say that whatever obligations Section 504 of the Rehabilitation Act imposes on the Treasury vis-a-vis U.S. currency are wholly irrelevant to Defendant's obligations vis-a-vis the gift cards it sells.

But even if Title III imposed special obligations relating to currency—something no private entity has authority to engrave or print, *see* 31 U.S.C. § 5114—gift cards are not currency. Plaintiff's insistence that gift cards are really "pre-paid cash cards" that are "treated like cash [. . .] an alternative method of payment" and are "a cash like product" (Am. Compl. ¶¶ 4, 30, 34), is merely an attempt to muddy the facts before this Court. Gift cards are goods. Gift cards are

16

bought and sold; currency is what one buys them with. Gift cards may be redeemed only at select establishments; currency may be used anywhere (even in other countries, either directly or via a currency exchange).  Gift cards are subject to terms and conditions and service fees, and may expire; currency may be used by anyone who possesses it now or twenty years from now.[14]  Any analogy Plaintiff attempts to make between U.S. Currency and Defendant's 3 x 2 inch gift card fails on its face.

## II.     PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD ALSO BE DISMISSED.

A claim of disability discrimination under the NYSHRL is governed by the same legal standards that govern federal ADA claims.  *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006); *see also Feltenstein v. City of New Rochelle*, No. 14-5434, 2019 WL 3543246, at *2 (S.D.N.Y. Aug. 5, 2019) ("Plaintiff's state claims for disability discrimination are treated identically, as well, because they are governed by the same legal standards as ADA claims.").  Accordingly, a NYSHRL claim premised on the same factual allegations as an ADA claim rises or falls with the ADA claim.  *See, e.g.*, *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) (holding that the plaintiff's state-law claim is coextensive with her Title III claim and "thus lacks merit for the reasons discussed . . . with respect to Title III."); *Range v. 535 Broadway Grp. LLC*, No. 17-0423, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) ("Because [plaintiff] fails to state a claim under the ADA, his NYSHRL and NYSCRL claims also fail.").

The NYCHRL "provides somewhat broader rights" than the ADA and NYSHRL, particularly because it includes a broader definition of "disability" than the ADA's definition of the same term.  *Walgreens Boot*, 2016 WL 482982, at *2.  Aside from the NYCHRL's broader

---

[14]     In New York, gift cards may be subject to service fees after the 25th month of dormancy, and expiration dates. *See* N.Y. Gen. Bus. Law § 396-i.

definition of "disability," however, courts have not identified other ways in which the NYCHRL prohibits a broader scope of conduct than the federal and state laws. *See id.*; *Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 643 (S.D.N.Y. 2013). On the contrary, at least one court has recognized that "[w]hile it is a NYCHRL violation to *entirely exclude* a person with a disability from accessing a public accommodation," alleged barriers that do not result in "entire[] exclu[sion]" do not violate the NYCHRL. *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018) (emphasis added).

In this case, Plaintiff bases his NYSHRL and NYCHRL claims on the same deficient allegations that underlie his ADA claim. Because the ADA claim fails, the NYSHRL and NYCHRL claims necessarily fail as well. In addition, Plaintiff does not allege that he has been entirely excluded from accessing Defendant's stores. He alleges only that certain information is not available to him in his preferred format—Braille writing—on one of Defendant's many goods—gift cards. For this reason, too, the NYCHRL claim is deficient as a matter of law.

## III.   THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO ASSERT HIS CLAIMS.

Article III standing requires that a plaintiff sustain an "injury in fact" that is concrete and particularized and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). The Second Circuit has explained that the standing requirements of ADA Title III standing are: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). When a plaintiff seeks injunctive relief (the only form of relief available to private litigants under Title III of the ADA, 42 U.S.C. § 12188(a)), the plaintiff also must plead "real and immediate threat of future injury." *Bernstein*

*v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (internal citation omitted); *accord Harty v. Greenwich Hosp. Grp.*, 536 F. App'x 154 (2d Cir. 2013) ("A plaintiff seeking injunctive relief cannot rely on past injury to satisfy the injury requirement, but must show a likelihood that he or he will be injured in the future.").

Further, "because the elements of constitutional standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case, the plaintiff must support each element of standing in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Castillo v. John Gore Org., Inc.*, No. 19- 0038, 2019 WL 6033088, at *4 (E.D.N.Y. Nov. 14, 2019) (internal quotations and citations omitted). Thus, at the pleading stage, the plaintiff must plausibly allege facts that "affirmatively and plausibly" support each element of standing in order to state a claim. *Feltzin v. Triangle Props. #1, LLC*, No. 14-5131, 2016 WL 11599264, at *3 (E.D.N.Y. Dec. 15, 2016).

Plaintiff fails to meet this standard because Plaintiff fails to plausibly allege that he intends to visit Defendant's store if store gift cards with Braille are offered. To do so, Plaintiff must allege enough facts for the Court to find that it is "reasonable" to infer that Plaintiff's expressed intent to return to the Defendant's property is "likely to materialize into fact sometime in the future" *Feltzin v. Clocktower Plaza Properties, Ltd.*, No. 16-4329, 2018 WL 1221153, at *5 (E.D.N.Y. Mar. 8, 2018). The following factors are relevant to that analysis: (1) the proximity of the place of public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Castillo*, 2019 WL 6033088, at *4 (quotation and citation omitted).

19

Tellingly, Plaintiff does not allege that he has ever visited Defendant's store to purchase a gift card, which raises a strong inference that Plaintiff does not intend to visit the store in the future, even if the alleged barriers are removed. *See Feltzin v. Stone Equities, LLC*, No. 16- 6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), *report & recommendation adopted*, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) ("[T]he Court finds that a lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations."); *Clocktower Plaza*, 2018 WL 1221153, at *6 (finding plaintiff's complaint did not establish an intent to return where "there is no more than a vague 'some day' intention to return at an unspecified time in the future on an unspecified trip, with no history of ever having been to the Property on another occasion besides [the date giving rise to the claim].""); *cf. Harty*, 536 F. App'x at 155 (finding that a complaint's allegation of a single visit to the defendant's location, the visit which gave rise to the claim, was insufficient to establish an intent to return).

Moreover, Plaintiff's conclusory allegation that he intends to visit the store in the future is legally insufficient to infer an intent to return for purposes of establishing standing. *See Castillo*, 2019 WL 6033088, at *6 ("The plaintiff alleged that she 'intends to take advantage of the facilities offered by Defendant in the future once the access barriers are remedied' ... is not enough to raise a reasonable inference that she intended to visit the defendant's theater in the future.") (alteration marks in original; internal citations to the record omitted); *Chamaidan v. Tomy B. Haircare Inc.*, No. 17- 6948, 2019 WL 4917895, at *5 (E.D.N.Y. Sept. 30, 2019) ("Given the complete absence of any allegations that Plaintiff is interested in obtaining the services that Defendant provides, she has not plausibly alleged that she intends to return to Defendant's store or that she would frequent the store if the alleged violations were remedied."); *Rizzi v. Hilton Domestic Operating Co.*, No.

18-1127, 2019 WL 5874327, at *4 (E.D.N.Y. July 18, 2019), *report & recommendation adopted*, 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019) (finding plaintiff lacked standing where his complaint did not allege any interest in using defendant's services if purported access barrier was removed); *Hirsch v. Campaniello Soho, Inc.*, No. 14-5097, 2015 WL 678662, at *4 (S.D.N.Y. Feb. 17, 2015) ("[B]eyond a conclusory recitation of Plaintiff's intent to return to Defendants' property, the Complaint is devoid of any allegations that support the inference of such an intention. Indeed, the Complaint is devoid of multiple basic facts, including when Plaintiff first attempted to visit the store or even what the store sells.").

Finally, the Court may also infer that Plaintiff's filing of 23 nearly identical complaints against other retailers in this District weighs against finding an inference that Plaintiff actually intends to return to Defendant's store. *See Clocktower Plaza*, 2018 WL 1221153, at *6; *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007) ("[A] plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return.").

## CONCLUSION

For the foregoing reasons, this action should be dismissed.

Dated: March 6, 2020

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Anne Marie Estevez*
Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

* Admitted *Pro Hac Vice*

*Counsel for Defendant*

# APPENDIX A – PACER records for Plaintiff (as of March 6, 2020)

 # Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [03/06/2015]; Date Filed (On or Before): [03/06/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Dominguez]; First Name: [Yovanny]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 58 (2 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09819 |
| Case Title | Dominguez v. 1650 Broadway Associates, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 05/28/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09782 |
| Case Title | Dominguez v. General Motors, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 01/30/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09783 |
| Case Title | Dominguez v. Mercedez - Benz USA, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 03/29/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09799 |
| Case Title | Dominguez v. New York Equestrian Center, LTD. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09785 |
| Case Title | Dominguez v. BMW of North America, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 06/04/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv09821 |
| Case Title | Dominguez v. Hotel Condor LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 12/16/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv09789 |
| Case Title | Dominguez v. Triumph Motorcycles (America) Limited |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 04/09/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv09791 |
| Case Title | Dominguez v. Allbirds, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 07/16/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv09794 |
| Case Title | Dominguez v. Engel & Volkers Americas, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 05/24/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv09815 |
| Case Title | Dominguez v. Christine Valmy International School, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2018 |
| Date Closed | 04/24/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv10102 |
| Case Title | Dominguez v. Offsite Event Services, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 01/11/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv10103 |
| Case Title | Dominguez v. Circa Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 02/12/2019 |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2018cv10101 |
| Case Title | Dominguez v. Riccardo's Catering Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 05/08/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10107 |
| Case Title | Dominguez v. Wagamama, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 02/06/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10116 |
| Case Title | Dominguez v. Zachys Wine Auctions Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 02/08/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10114 |
| Case Title | Dominguez v. Poggenpohl U.S., Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 03/08/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10115 |
| Case Title | Dominguez v. Acker Auction, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/31/2018 |
| Date Closed | 04/08/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10154 |
| Case Title | Dominguez v. Plaza Athenee Hotel Company Limited |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 03/07/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10161 |
| Case Title | Dominguez v. The Foundry Theatre, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 12/13/2018 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10162 |
| Case Title | Dominguez v. Aire Ancient Baths UES, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 02/12/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10150 |
| Case Title | Dominguez v. The Russian Tea Room Corp. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 05/10/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10165 |
| Case Title | Dominguez v. YNAP Corporation |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 01/22/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10175 |
| Case Title | Dominguez v. Herno USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 01/24/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10168 |
| Case Title | Dominguez v. Foscarini Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 03/19/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10169 |
| Case Title | Dominguez v. Technogym USA Corp. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 03/14/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10171 |
| Case Title | Dominguez v. Taschen America LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 03/08/2019 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10174 |
| Case Title | Dominguez v. Devialet Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2018 |
| Date Closed | 12/27/2018 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10305 |
| Case Title | Dominguez v. Versani V, LTD. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2018 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10307 |
| Case Title | Dominguez v. SCMP USA. Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2018 |
| Date Closed | 03/27/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10304 |
| Case Title | Dominguez v. Moroso USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2018 |
| Date Closed | 01/16/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10301 |
| Case Title | Dominguez v. Alessi USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2018 |
| Date Closed | 04/08/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10873 |
| Case Title | Dominguez v. Meridian Senior Living, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/20/2018 |
| Date Closed | 02/07/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10874 |
| Case Title | Dominguez v. Five Star Senior Living Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2018 |
| Date Closed | 06/17/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2018cv10876 |
| Case Title | Dominguez v. The Palm Beach Home For Adults, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/20/2018 |
| Date Closed | 03/20/2019 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv10813 |
| Case Title | Dominguez v. Ashley Stewart, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11931 |
| Case Title | Dominguez v. The Isamu Noguchi Foundation, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11932 |
| Case Title | Dominguez v. Bohemian Citizens Benevolent Society of Astoria L.I.N.Y. et al |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | 03/04/2020 |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11943 |
| Case Title | Dominguez v. Tropix Bar and Lounge, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11933 |
| Case Title | Dominguez v. Indoor Extreme Sports Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11936 |
| Case Title | Dominguez v. Big Apple Archery Lanes, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | |
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11938 |
| Case Title | Dominguez v. Painting with a Twist, L.L.C. |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | 03/03/2020 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11939 |
| Case Title | Dominguez v. Bury The Hatchet Holdings, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2019cv11941 |
| Case Title | Dominguez v. Joe's Public LLC et al |
| Court | New York Southern District Court |
| Date Filed | 12/31/2019 |
| Date Closed | 02/26/2020 |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00032 |
| Case Title | Dominguez v. Knitting Factory Brooklyn, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 01/03/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00033 |
| Case Title | Dominguez v. Jennifer Mankins Inc. |
| Court | New York Southern District Court |
| Date Filed | 01/03/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00037 |
| Case Title | Dominguez v. Zitomer, LLC |
| Court | New York Southern District Court |
| Date Filed | 01/03/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00140 |
| Case Title | Dominguez v. Ina Designs, Inc. |
| Court | New York Southern District Court |
| Date Filed | 01/07/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00161 |
| Case Title | Dominguez v. Nitehawk Brooklyn LLC |
| Court | New York Southern District Court |
| Date Filed | 01/08/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00168 |
| Case Title | Dominguez v. Aedes De Venustas, Inc. |
| Court | New York Southern District Court |
| Date Filed | 01/08/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00166 |
| Case Title | Dominguez v. If Boutique Ltd. |
| Court | New York Southern District Court |
| Date Filed | 01/08/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00202 |
| Case Title | Dominguez v. The Vintage Twin, LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00203 |
| Case Title | Dominguez v. Trash and Vaudeville, Inc. |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00214 |
| Case Title | Dominguez v. Le Poisson Rouge Group NYC, LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| Party Name | Dominguez, Yovanny (pla) |
|---|---|
| Case Number | 1:2020cv00205 |
| Case Title | Dominguez v. Creel & Gow, LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [03/06/2015]; Date Filed (On or Before): [03/06/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Dominguez]; First Name: [Yovanny]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 58 (2 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00206 |
| Case Title | Dominguez v. Anthom LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00207 |
| Case Title | Dominguez v. Dashwood Books, Inc. |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00208 |
| Case Title | Dominguez v. Blue in Green, LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Dominguez, Yovanny (pla) |
| Case Number | 1:2020cv00212 |
| Case Title | Dominguez v. Low Overrun LLC |
| Court | New York Southern District Court |
| Date Filed | 01/09/2020 |
| Date Closed | |

# APPENDIX B – PACER records for Plaintiff's Counsel
# (as of March 3, 2020)



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [03/02/2020];
Jurisdiction Type: [Civil]; Nature of Suit: [446]; Court ID: [02]; Last Name: [marks]; First Name: [bradly]; Party
Role: [ATY]; Sort: [Date Filed, Ascending]
**Result Count:** 119 (3 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09814 |
| Case Title | Calcano v. Gamestop Corp. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09817 |
| Case Title | Calcano v. Nordstrom, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09819 |
| Case Title | Calcano v. Sephora USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09823 |
| Case Title | Calcano v. Domino's Pizza, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09836 |
| Case Title | Calcano v. McDonald's Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09853 |
| Case Title | Lopez v. Walgreens Boots Alliance, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09854 |
| Case Title | Mendez v. IHOP Restaurants LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09855 |
| Case Title | Mendez v. Burger King Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09856 |
| Case Title | Mendez v. Bath & Body Works, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09858 |
| Case Title | Mendez v. Outback Steakhouse of Florida, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09859 |
| Case Title | Victor Lopez v. Krispy Kreme Doughnut Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09861 |
| Case Title | Himelda Mendez v. Applebee's Restaurants LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09862 |
| Case Title | Victor Lopez v. Panera, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | 02/20/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09863 |
| Case Title | Himelda Mendez v. Tim Horton's USA Inc |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv09864 |
| Case Title | Himelda Mendez v. Victoria's Secret Stores, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/24/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09887 |
| Case Title | Mendez v. J.C. Penney Corporation, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 02/12/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09888 |
| Case Title | Lopez v. Darden Restaurants, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09891 |
| Case Title | Lopez v. Capital Grille Holdings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09892 |
| Case Title | Mendez v. Papa John's USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09894 |
| Case Title | Mendez v. Qdoba Restaurant Corporation |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | 02/19/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09905 |
| Case Title | Graciela Bretschneider Doncouse v. Capital Grille Holdings, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09906 |
| Case Title | Lopez v. Peapod, LLC. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09907 |
| Case Title | Lopez v. Build-A-Bear Workshop, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09908 |
| Case Title | Lopez v. Yard House USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09909 |
| Case Title | Lopez v. Olive Garden Holdings, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09913 |
| Case Title | Lopez v. The Stop & Shop Supermarket Company LLC |
| Court | New York Southern District Court |
| Date Filed | 10/25/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09953 |
| Case Title | Doncouse v. Untuckit Retail, LLC et al |
| Court | New York Southern District Court |
| Date Filed | 10/28/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09954 |
| Case Title | Doncouse v. La Colombe Torrefaction, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 10/28/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09957 |
| Case Title | Rogers v. Privy LLC et al |
| Court | New York Southern District Court |
| Date Filed | 10/28/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv09958 |
| Case Title | Rogers v. Frenchy Coffee NYC LLC et al |
| Court | New York Southern District Court |
| Date Filed | 10/28/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10054 |
| Case Title | Calcano v. TGI Friday's Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10056 |
| Case Title | Calcano v. Aero AG Holdings, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10060 |
| Case Title | Calcano v. Adidas America, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10062 |
| Case Title | Calcano v. American Eagle Outfitters, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10064 |
| Case Title | Calcano v. The Finish Line, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10074 |
| Case Title | Lopez v. Arby's Franchisor, LLC |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10075 |
| Case Title | Lopez v. Blazin Wings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10077 |
| Case Title | Lopez v. Kahala Restaurants, L.L.C. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

Case 1:19-cv-10171-GHW    Document 25    Filed 03/06/20    Page 46 of 57

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10079 |
| Case Title | Lopez v. West Elm, Inc. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10081 |
| Case Title | Lopez v. Cold Stone Creamery Restaurants, L.L.C. |
| Court | New York Southern District Court |
| Date Filed | 10/30/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10165 |
| Case Title | Dominguez v. Old Navy, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10167 |
| Case Title | Dominguez v. The Gap, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10168 |
| Case Title | Dominguez v. Athleta LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10169 |
| Case Title | Dominguez v. Hard Rock Cafe International (USA), Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10171 |
| Case Title | Dominguez v. Banana Republic, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv10172 |
| Case Title | Dominguez v. Taco Bell Corp. |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10175 |
| Case Title | Dominguez v. Pizza Hut of America, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/01/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv06283 |
| Case Title | Jocelyn Pierre v. Mazzone Hardware Corp. et al |
| Court | New York Eastern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv06284 |
| Case Title | Jocelyn Pierre v. 112 Restaurant Corp. d/b/a Building On Bond et al |
| Court | New York Eastern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10330 |
| Case Title | Bonifacio v. Chan Hing Restaurant Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10332 |
| Case Title | Rogers v. Mongkol Eatery LLC et al |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | 02/12/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10333 |
| Case Title | Rogers v. Burrito Y Mas, Corp et al |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10335 |
| Case Title | Yovanny Dominguez v. The Cheesecake Factory Restaurants, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10340 |
| Case Title | Dominguez v. The TJX Companies, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | 02/26/2020 |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [03/02/2020]; Jurisdiction Type: [Civil]; Nature of Suit: [446]; Court ID: [02]; Last Name: [Marks]; First Name: [Bradly]; Party Role: [ATY]; Sort: [Date Filed, Ascending]
**Result Count:** 118 (3 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10341 |
| Case Title | Dominguez v. Homegoods, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | 02/26/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10343 |
| Case Title | Yovanny Dominguez v. Lowe's Companies, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10345 |
| Case Title | Yovanny Dominguez v. Gran Lux Cafe LLC |
| Court | New York Southern District Court |
| Date Filed | 11/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10405 |
| Case Title | Calcano v. Michael Kors Retail, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10430 |
| Case Title | Calcano v. Lululemon USA Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10432 |
| Case Title | Calcano v. The Art of Shaving-FL, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/08/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10438 |
| Case Title | Calcano v. Uniqlo USA LLC |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10439 |
| Case Title | Calcano v. Buth-Na-Bodhaige, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10440 |
| Case Title | Calcano v. Cole Haan LLC |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10441 |
| Case Title | Calcano v. Guess, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10442 |
| Case Title | Calcano v. True Religion Apparel, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/09/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10536 |
| Case Title | Calcano v. Swarovski North America Limited |
| Court | New York Southern District Court |
| Date Filed | 11/13/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv06481 |
| Case Title | Jocelyn Pierre v. Black Gold Brooklyn Incorporated et al |
| Court | New York Eastern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10623 |
| Case Title | Mendez v. Ann Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10624 |
| Case Title | Dominguez v. FL Retail Operations LLC |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10625 |
| Case Title | Mendez v. AnnTaylor, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10626 |
| Case Title | Dominguez v. Marshalls of MA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10628 |
| Case Title | Dominguez v. Foot Locker, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10633 |
| Case Title | Dominguez v. Champs Sports, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10635 |
| Case Title | Yovanny Dominguez v. Foot Locker Retail, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/15/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10767 |
| Case Title | Himelda Mendez v. Tween Brands, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10771 |
| Case Title | Victor Lopez v. Rejuvenation Inc |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | 11/27/2019 |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10772 |
| Case Title | Mendez v. Lane Bryant, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10773 |
| Case Title | Mendez v. Ascena Retail Group, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/20/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10813 |
| Case Title | Dominguez v. Ashley Stewart, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10814 |
| Case Title | Dominguez v. Lucky Brand Dungarees, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10815 |
| Case Title | Dominguez v. SoulCycle Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10816 |
| Case Title | Dominguez v. CKE Restaurants Holdings, Inc. |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv10817 |
| Case Title | Dominguez v. CorePower Yoga, LLC |
| Court | New York Southern District Court |
| Date Filed | 11/21/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11135 |
| Case Title | Mendez v. J. Crew Group, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/04/2019 |
| Date Closed | 02/20/2020 |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11159 |
| Case Title | Mendez v. Madewell Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | 02/24/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11163 |
| Case Title | Dominguez v. Hot Topic, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | 02/24/2020 |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11165 |
| Case Title | Dominguez v. Hallmark Retail, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11166 |
| Case Title | Mendez v. BG Retail, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11170 |
| Case Title | Doncouse v. Sweetgreen New York, LLC et al |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11171 |
| Case Title | Doncouse v. Hat world, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 12/05/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11182 |
| Case Title | Dominguez v. Lacoste USA, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/06/2019 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11183 |
| Case Title | Dominguez v. Elie Tahari, Ltd. |
| Court | New York Southern District Court |
| Date Filed | 12/06/2019 |
| Date Closed | 02/13/2020 |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11184 |
| Case Title | Mendez v. Caleres, Inc. d/b/a Naturalizer |
| Court | New York Southern District Court |
| Date Filed | 12/06/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11185 |
| Case Title | Mendez v. Edelman Shoe, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/06/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11186 |
| Case Title | Dominguez v. Zumiez Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/06/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11684 |
| Case Title | Bonifacio v. Continental Exchange Solutions, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/20/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11685 |
| Case Title | Altaune Brown v. Kennedy's Chicken & Burgers et al |
| Court | New York Southern District Court |
| Date Filed | 12/20/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11686 |
| Case Title | Doncouse v. Telegraphe Restaurant LLC et al |
| Court | New York Southern District Court |
| Date Filed | 12/20/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11687 |
| Case Title | Graciela Doncouse v. Hastens Beds, Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 12/20/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
|---|---|
| Case Number | 1:2019cv11689 |
| Case Title | Bonifacio v. Nick Lugo Travel Corp. et al |
| Court | New York Southern District Court |
| Date Filed | 12/20/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11757 |
| Case Title | Mendez v. Kate Spade LLC |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11765 |
| Case Title | Mendez v. The Men's Wearhouse, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11768 |
| Case Title | Lopez v. VF Outdoor, LLC |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11769 |
| Case Title | Lopez v. Timberland LLC |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11770 |
| Case Title | Lopez v. Williams-Sonoma Stores, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11756 |
| Case Title | Mendez v. Jos. A. Bank Clothiers, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11762 |
| Case Title | Mendez v. Tapestry, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/23/2019 |
| Date Closed | |

| Party Name | Marks, Bradly Gurion (aty) |
| --- | --- |
| Case Number | 1:2019cv11807 |
| Case Title | Mendez v. JA Apparel Corp. |
| Court | New York Southern District Court |
| Date Filed | 12/26/2019 |
| Date Closed | |



# Party Search Results

**Search Criteria:** Party Search; Date Filed (On or After): [10/24/2019]; Date Filed (On or Before): [03/02/2020];
Jurisdiction Type: [Civil]; Nature of Suit: [446]; Last Name: [Marks]; First Name: [Bradly]; Party Role: [ATY]; Sort:
[Date Filed, Ascending]
**Result Count:** 118 (3 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11808 |
| Case Title | Mendez v. Aldo U.S. inc. |
| Court | New York Southern District Court |
| Date Filed | 12/26/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11809 |
| Case Title | Lopez v. Vans, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/26/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11855 |
| Case Title | Mendez v. Genesco Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/27/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2019cv11856 |
| Case Title | Mendez v. Coach Services, Inc. |
| Court | New York Southern District Court |
| Date Filed | 12/27/2019 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00922 |
| Case Title | Rogers v. S.L.P Management Inc. et al |
| Court | New York Southern District Court |
| Date Filed | 02/03/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00923 |
| Case Title | Brown v. Kids City Global LLC |
| Court | New York Southern District Court |
| Date Filed | 02/03/2020 |
| Date Closed | |

| | |
|---|---|
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00924 |
| Case Title | Doncouse v. Lenwich 9TH LLC et al |
| Court | New York Southern District Court |
| Date Filed | 02/03/2020 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00626 |
| Case Title | Jocelyn Pierre v. Eleven 2 L.L.C. et al |
| Court | New York Eastern District Court |
| Date Filed | 02/04/2020 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00681 |
| Case Title | Trocchia v. Metro And Graham LLC et al |
| Court | New York Eastern District Court |
| Date Filed | 02/06/2020 |
| Date Closed | |
| Party Name | Marks, Bradly Gurion (aty) |
| Case Number | 1:2020cv00924 |
| Case Title | Jocelyn Pierre v. Duane Reade Inc. et al |
| Court | New York Eastern District Court |
| Date Filed | 02/20/2020 |
| Date Closed | |

## **CERTIFICATE OF SERVICE**

I, Michael F. Fleming, hereby certify that a true and correct copy of the foregoing document was served via ECF on this 6th day of March 2020 upon the attorney(s) of record for Plaintiff.

Dated:  March 6, 2020                                    */s/ Michael F. Fleming*
                                                          Michael F. Fleming