# UNITED STATES DISTRICT COURT
# SOUTHERN OF NEW YORK

YOVANNY DOMINGUEZ AND ON
BEHALF OF ALL OTHER PERSONS
SIMILARLY SITUATED,

        Plaintiff,

v.

BANANA REPUBLIC, LLC,

        Defendant.

Case No. 1:19-CV-10171-GHW

**ORAL ARGUMENT REQUESTED**

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**MORGAN, LEWIS & BOCKIUS LLP**

Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

*Admitted *pro hac vice*

*Counsel for Defendant*

Dated: March 25, 2020

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1
ARGUMENT ................................................................................................................................ 1
I.    PLAINTIFF FAILS TO MEANINGFULLY DEFEND HIS CLAIMS ON THE MERITS. ............................................................................................................................ 1
      A.    Plaintiff Misclassifies Gift Cards As "Places of Public Accommodation." .......... 1
      B.    Gift Cards Are Goods, Not Cash, And Defendant Need Not Stock Specialized Goods. ................................................................................................. 2
      C.    Braille Gift Cards Are Not A Required Auxiliary Aid Under The ADA. ............. 4
II.    PLAINTIFF ALSO LACKS STANDING ....................................................................... 5
CONCLUSION ............................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dicarlo v. Walgreens Boot Alliance, Inc.*,
   No. 15-2919, 2016 WL 482982 (S.D.N.Y. Feb. 5, 2016)............................................................5

*Doe v. Mut. of Omaha Ins. Co.*,
   179 F.3d 557 (7th Cir. 1999) ......................................................................................................3

*Feltzin v. Clocktower Plaza Props., Ltd.*,
   No. 16-4329, 2018 WL 1221153 (E.D.N.Y. Mar. 8, 2018).........................................................5

*Feltzin v. Triangle Props. #1, LLC*,
   No. 14-5131, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016)......................................................5

*Magee v. Coca-Cola Refreshments USA, Inc.*,
   833 F.3d 530 (5th Cir. 2016) ......................................................................................................2

*Norkunas v. Wynn Resorts Holdings, LLC*,
   No. 11-1499, 2007 WL 2949569 (D. Nev. Oct. 10, 2007) .........................................................6

*West v. Moe's Franchisor, LLC*,
   No. 15-2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015) .........................................................4

*Weyer v. Twentieth Century Fox Film Corp.*,
   198 F.3d 1104 (9th Cir. 2000) .................................................................................................2, 3

*Wisc. Cent. Ltd. v. United States*,
   138 S. Ct. 2067 (2018)................................................................................................................3

**Statutes**

42 U.S.C. § 12182(b)(2)(A)(ii)–(iii) ................................................................................................2

Americans with Disabilities Act ............................................................................................. *passim*

Rehabilitation Act ............................................................................................................................3

**Rules**

28 C.F.R. § 36.303(c)(1)..................................................................................................................4

28 C.F.R. § 36.303(c)(1)(ii).............................................................................................................4

28 C.F.R. § 36.307(a).......................................................................................................................2

**Other Authorities**

I.R.M. § 4.43.1.4.6.1(2) ...................................................................................................3

## INTRODUCTION

In its opening brief, Defendant demonstrated that (1) Plaintiff's ADA claim fails as a matter of settled law for several, independently sufficient reasons; (2) Plaintiff's NYSHRL and NYCHRL claims fall within the ADA claim and are otherwise deficient; and (3) Plaintiff lacks standing. Plaintiff's opposition is largely non-responsive. Mostly, Plaintiff simply repeats the allegations in the complaint, mischaracterizes Defendant's arguments, attacks arguments Defendant never made, and relies on irrelevant authority (including a case Plaintiff describes as rejecting one of Defendant's arguments but, in fact, had nothing to do with the ADA, NYSHRL, NYCHRL, or any issue of remote interest in this litigation, *see* ECF No. 26 ("Pl. Br.") at 15, n.43 and accompanying text).

Plaintiff's failure to engage with Defendant's arguments is not surprising, but it is telling. As Defendant explains, the plain language of Title III of the ADA, DOJ regulations and guidance, and a long and unbroken line of authority all make clear that Defendant is not required to offer Braille-embossed gift cards. Nothing in Plaintiff's opposition suggests otherwise. Any further amendments would be futile. The Amended Complaint should be dismissed in its entirety and with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILS TO MEANINGFULLY DEFEND HIS CLAIMS ON THE MERITS.

#### A. Plaintiff Misclassifies Gift Cards As "Places of Public Accommodation."

In the midst of an argument that gift cards are not goods, and instead are financial services, Plaintiff abruptly injects that "gift cards are a 'place of public accommodation' in and of themselves," i.e., the cards are no different than the retail stores in which they are sold. Pl. Br. 19. According to Plaintiff, that conclusion follows from a court decision holding that a website, while

1

not a physical place, might be a "place of public accommodation." That decision is inapposite. Defendant does not argue that gift cards fall outside the definition of a "place of public accommodation" because they are intangible. Defendant agrees that gift cards are real, tangible 3 x 2 inch plastic cards. Defendant's point was that gift cards cannot be "places of public accommodation" because they are not places where goods are made available to the public, much like the not-a-place-of-public-accommodation vending machine at issue in *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 535 (5th Cir. 2016). Plaintiff cannot, and does not even try to, explain how a gift card fits in any of the twelve exclusive categories in the statutory definition of "place of public accommodation."[1]

### B. Gift Cards Are Goods, Not Cash, And Defendant Need Not Stock Specialized Goods.

As Defendant explained at length in its opening brief, the ADA "does not require a public accommodation to *alter its inventory* to include accessible or *special goods* that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a) (emphases added). Nor does it require the "provision of *different* goods or services, just nondiscriminatory enjoyment of *those that are provided*." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) (emphases added). Yet, that is precisely what Plaintiff demands here: that Defendant "design, implement, distribute, and sell" a specialized product—a Braille-embossed gift card. Am. Compl. ¶ 55. More than that, the changes Plaintiff seeks are fundamental alterations of Defendant's gift cards, another thing the ADA explicitly states is not required. *See* 42 U.S.C. §

---

[1] Whether Plaintiff believes the ADA is outdated because gift cards "did not come into existence in the commercial industry until after the ADA became law," Pl. Br. 6, is irrelevant. The courts' task is to interpret the statute Congress enacted, and it is up to Congress to amend Title III if and as it deems necessary. On that topic, this Court may take judicial notice that Congress amended the ADA in 2008, *see* ADA Amendments Act of in 2008, Pub. L. No. 110–325—at a time when Plaintiff alleges "the gift card industry grew faster than the U.S. GDP," Pl. Br. 2–3—and those amendments did not expand the definition of "place of public accommodation" or any other aspect of Title III to include or require the production of Braille-embossed gift cards.

12182(b)(2)(A)(ii)–(iii).

Plaintiff seeks to avoid this well-settled law in several ways, none of which is persuasive. *First*, Plaintiff characterizes gift cards as a "service" and not a "good." Defendant disagrees, but the distinction doesn't matter. Covered entities need not offer different, special, or reconfigured services, just as they need not offer different, special, or reconfigured goods. *See Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559–60 (7th Cir. 1999); *Weyer*, 198 F.3d at 1115.

*Second*, Plaintiff persists in arguing that gift cards are just like cash, and because a court has held that the U.S. Treasury must make cash denominations discernable to individuals with vision impairments under Section 504 of the Rehabilitation Act, Plaintiff posits that Title III of the ADA also requires private entities, like Defendant, to do the same with store gift cards. Pl. Br. 19–20. That's quite a leap. The broad obligations the Rehabilitation Act imposes on public entities and recipients of federal funds, and not private commercial entities such as Defendant, are wholly irrelevant here, and Plaintiff offers no principled reason for the Court to conclude otherwise.

More fundamentally, though, gift cards are not cash or cash-like. They're gifts. As Defendant explained in its opening brief, gift cards are goods *bought with* cash and "cash-like" objects—*i.e.*, with cash or other current and generally accepted mediums of exchange, like checks and debit cards. *See, e.g.*, *Wisc. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2069 (2018) ("money" is "currency issued by a recognized authority and is a medium of exchange," and thus stock certificates, though they "can be bought or sold for money," are not "money") (quotation omitted). At what time the IRS recognizes the sale of a gift card as income to a retailer does not undermine that conclusion, as Plaintiff suggests. *See* Pl. Br. at 15 n.42. If anything, that the IRS recognizes the "*sale of a ... gift card ...* as income" confirms that gift cards are goods that are sold. I.R.M. § 4.43.1.4.6.1(2) (emphasis added).

*Finally*, Plaintiff insists that Braille-embossed gift cards are necessary for "security" reasons, and that because he thinks of gift cards as a "cash-like financial tool," he should "not have to rely upon strangers for help with their intended use." Pl. Br. 12, 19-20. Plaintiff does not identify any "security" reasons that mandate Braille-embossed gift cards, and there are none. Defendant has never suggested that Plaintiff "rely upon strangers" for help with gift cards. Defendant's employees are ready and able to assist Plaintiff (and all customers) with questions about gift cards, as Plaintiff's own allegations show. Moreover, Plaintiff's attempted analogy of gift cards to ATMs and credit/debit cards falls flat, as Plaintiff does not explain how regulations concerning ATMs or credit/debit cards further a privacy or security interest in gift cards.[2]

### C.     Braille Gift Cards Are Not A Required Auxiliary Aid Under The ADA.

Under the ADA, Defendant is not required to provide the *specific* auxiliary aid demanded by a particular individual—in this case, Braille-embossed gift cards. *See* 28 C.F.R. § 36.303(c)(1)(ii). Defendant is free to choose which auxiliary aid it provides, so long as the chosen method "results in effective communication." *Id*. Defendant already offers an auxiliary aid—trained employees who can assist Plaintiff with gift cards—which Plaintiff concedes was effective at communicating the contents of the gift cards. Am. Compl. ¶¶ 16–17. Plaintiff was *able* to speak with Defendant's employee *about gift cards*, thus showing Defendant already has at least one auxiliary aid in place that allows for effective communication. Am. Compl. ¶ 16.

Plaintiff's *preference* for Braille-embossed gift cards is legally insufficient to state a claim under the ADA. *See* 28 C.F.R. § 36.303(c)(1); *West v. Moe's Franchisor, LLC*, No. 15-2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015) (despite a plaintiff's demand for a specific feasible

---

[2]     The same is true of Plaintiff's curious decision to attach a purported NYC Official Braille ID Card as an exhibit to his opposition. That the City of New York— a public entity not subject to Title III of the ADA—has chosen to provide such cards has no bearing on whether Title III requires Defendant to stock and sell Braille-embossed gift cards.

4

and perhaps preferable auxiliary aid, assistance from trained employees was sufficient under the ADA); *Dicarlo v. Walgreens Boot Alliance, Inc.*, No. 15-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016) (defendant need not install plaintiff's requested auxiliary aid that would allow plaintiff to independently use a soda machine, as defendant's chosen auxiliary aid of employees providing assistance sufficed under the ADA).

\*   \*   \*

For all of these reasons, Plaintiff fails to state any claim under Title III of the ADA. And, as Plaintiff concedes, the NYSHRL and NYCHRL claims rise and fall with the ADA claim. Pl. Br. 23-24. Which is to say, settled law not only defeats Plaintiff's federal claim, but it defeats the derivative state and city law claims as well. These are incurable defects, and yet another amended complaint would be futile. The complaint should be dismissed with prejudice.

## II.     PLAINTIFF ALSO LACKS STANDING.

Plaintiff must allege facts that "affirmatively and plausibly" support each element of standing in order to state a claim. *Feltzin v. Triangle Props. #1, LLC*, No. 14-5131, 2016 WL 11599264, at *3 (E.D.N.Y. Dec. 15, 2016). Even in his Opposition, Plaintiff fails to meet this standard. Plaintiff has alleged no facts upon which the Court could find that he plausibly intends to visit Defendant's store if store gift cards with Braille are offered. Tellingly, Plaintiff never alleges that he has ever visited Defendant's store to purchase a gift card, which raises a strong inference that Plaintiff does not intend to visit the store in the future, even if the alleged barriers are removed. Plaintiff's conclusory allegation that he intends to visit the store in the future is insufficient to infer an intent to return for purposes of establishing standing.

Despite Plaintiff's claim to the contrary, this Court may indeed infer that Plaintiff's filing of more than 24 nearly identical complaints against other entities in this District weighs against finding an inference that Plaintiff actually intends to return to Defendant's store. *See Feltzin v.*

5

*Clocktower Plaza Props., Ltd.*, No. 16-4329, 2018 WL 1221153, at *5 (E.D.N.Y. Mar. 8, 2018); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007) ("[A] plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return").  Plaintiff fails to cite any case law on point that supports his position.

## CONCLUSION

For the foregoing reasons, this action should be dismissed with prejudice.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: March 25, 2020

*/s/ Anne M. Estevez*
Michael F. Fleming
101 Park Avenue
New York, NY 10178
T: (212) 309-6207
F: (212) 309-6001
michael.fleming@morganlewis.com

Anne Marie Estevez*
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

*Admitted *pro hac vice*

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Michael F. Fleming, certify that on March 25, 2020, the foregoing document was served via ECF upon all counsel of record.

Dated:  March 25, 2020                    */s/ Michael F. Fleming*
                                                                      Michael F. Fleming